IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02601-BNB

MARCOS GARCIA FLORES,

    Plaintiff,

v.

THE STATE OF COLORADO, and
BILL RITTER, Governor,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 25 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Marcos Garcia Flores, has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the Vienna Convention on Consular Relations were violated when he was arrested. The court must construe the complaint liberally because Mr. Flores is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Flores will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Flores and finds that it is deficient. First, it is not clear who Mr. Flores is suing in this action. Mr. Flores apparently lists two Defendants, the State of Colorado and Colorado Governor Bill Ritter, in the caption of the complaint. However, he lists these two Defendants together as one Defendant in Section A of the complaint form, the section that describes the

parties to the action. Therefore, it is not clear whether Mr. Flores is suing one Defendant or two separate Defendants. Mr. Flores is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999). Therefore, Mr. Flores should name as Defendants the persons he believes actually violated his constitutional rights.

The court also finds that the complaint is deficient because Mr. Flores fails to allege facts to demonstrate that either Defendant personally participated in the asserted violation of Mr. Flores' rights under the Vienna Convention. Personal participation is an essential allegation. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Flores must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Flores will be directed to file an amended complaint that clarifies who he is suing and in which he alleges specific facts that demonstrate how each named Defendant personally participated in the asserted violation of Mr. Flores' rights under the Vienna Convention. In order for Mr. Flores to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the

2

defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Flores is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Flores file **within thirty (30) days from the date of this order** an original and sufficient copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Flores, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Flores fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED January 25, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02601-BNB

Marcos Garcia Flores
Prisoner No. 113667
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 1/25/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk