IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02601-BNB

MARCOS GARCIA-FLORES,

    Plaintiff,

v.

BILL RITTER,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 10 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Marcos Garcia-Flores is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility at Buena Vista, Colorado. Mr. Garcia-Flores initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the Vienna Convention on Consular Relations were violated when he was arrested. On January 25, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Garcia-Flores to file an amended complaint that clarifies who he is suing and in which he alleges specific facts that demonstrate how each named Defendant personally participated in the asserted violation of Mr. Garcia-Flores' rights under the Vienna Convention. On February 15, 2008, Mr. Garcia-Flores filed an amended complaint. He seeks damages as relief.

Mr. Garcia-Flores has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B), the Court must dismiss the amended complaint at any time if the claims asserted are legally frivolous or if Mr.

Garcia-Flores seeks monetary relief from a Defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action pursuant to § 1915(e)(2)(B).

The Court must construe the amended complaint liberally because Mr. Garcia-Flores is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

As noted above, Mr. Garcia-Flores alleges that his rights under the Vienna Convention were violated when he was arrested. Mr. Garcia-Flores alleges that he was arrested on July 19, 2001, and that he was convicted in state court in 2002. According to the Colorado Department of Corrections website, Mr. Garcia-Flores was convicted in the Pitkin County District Court. He specifically claims that he is a Mexican national and that he was not notified when he was arrested of his right to contact Mexican consular officials as required under Article 36 of the Vienna Convention. Mr. Garcia-Flores does not allege that he was arrested by the named Defendant in this action, Colorado Governor Bill Ritter, or that Governor Ritter played any role in his detention and criminal

prosecution. Instead, he contends that Governor Ritter is responsible for the failure of state and local law enforcement officials to comply with the provisions of the Vienna Convention. However, Governor Ritter was not the governor of Colorado at the time Mr. Garcia-Flores alleges he was arrested, prosecuted, and convicted. As a result, it appears that Mr. Garcia-Flores is suing Governor Ritter in his official capacity as the governor of the State of Colorado.

The Court will assume for the purposes of this order that the Vienna Convention creates a privately enforceable right that may be raised in this action. *Compare Cornejo v. County of San Diego*, 504 F.3d 853 (9th Cir. 2007) (holding that Article 36 of the Vienna Convention does not create private rights and remedies enforceable in a § 1983 action), *with Jogi v. Voges*, 480 F.3d 822 (7th Cir. 2007) (holding that Article 36 of the Vienna Convention does create private rights and remedies enforceable pursuant to § 1983).

However, even assuming Mr. Garcia-Flores can raise a claim pursuant to the Vienna Convention, the Court still finds that the instant action must be dismissed. First, the claim or claims Mr. Garcia-Flores seeks to assert against Governor Ritter in his official capacity are barred by the Eleventh Amendment because Mr. Garcia-Flores is, in effect, suing the State of Colorado. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity,

3

or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Therefore, any claims asserted against Governor Ritter in his official capacity are barred by the Eleventh Amendment and must be dismissed.

Finally, in the event that Mr. Garcia-Flores does intend to sue Governor Ritter in his individual capacity, he fails to assert facts that demonstrate Governor Ritter personally participated in the alleged violation of Mr. Garcia-Flores' rights under the Vienna Convention. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Garcia-Flores must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, any claims Mr. Garcia-Flores may be asserting against Governor Ritter in his individual capacity are legally frivolous and also will be dismissed. Accordingly, it is

or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Therefore, any claims asserted against Governor Ritter in his official capacity are barred by the Eleventh Amendment and must be dismissed.

Finally, in the event that Mr. Garcia-Flores does intend to sue Governor Ritter in his individual capacity, he fails to assert facts that demonstrate Governor Ritter personally participated in the alleged violation of Mr. Garcia-Flores' rights under the Vienna Convention. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Garcia-Flores must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, any claims Mr. Garcia-Flores may be asserting against Governor Ritter in his individual capacity are legally frivolous and also will be dismissed. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

DATED at Denver, Colorado, this 7 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02601-BNB

Marcos Garcia Flores
Prisoner No. 113667
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/10/09

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                     Deputy Clerk